IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2005 JUN 23 A 9: 24

| | |
|---|---|
| EMPLOYERS MUTUAL CASUALTY COMPANY, an insurance company incorporated in the State of Iowa; ) ) ) ) | |
| Plaintiff, ) ) | CIVIL ACTION NUMBER cv 2:05cv602-T |
| V. ) ) | |
| OLLIE WADSWORTH; and JOSEPH M. PEIL ) ) ) | |
| Defendants. ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

### PARTIES AND JURISDICTIONAL ALLEGATIONS

1. Plaintiff Employers Mutual Casualty Company ("EMCC") is an insurance company incorporated and organized under the laws of the state of Iowa, having its principal place of business in the State of Iowa.

2. Defendant Ollie Wadsworth is an individual who is believed to reside in Union Springs, Alabama and is over the age of nineteen (19) years old.

3. Defendant Joseph M. Peil is an individual who is believed to reside in Union Springs, Alabama and is over the age of nineteen (19) years old.

4. Defendant Ollie Wadsworth is a defendant in an underlying matter pending in the Bullock County Circuit Court, styled, *Joseph M. Peil v. Ollie Wadsworth,* CV 04-87 ("the underlying action"). Defendant Joseph M. Peil is the plaintiff in the underlying action. (See the underlying complaint attached as Exhibit A).

5. The amount in controversy, exclusive of interest and costs, and including attorney fees that are being provided by EMCC in the underlying action, exceeds the sum of $75,000.00. The

plaintiff in the underlying case sued Ollie Wadsworth arising out of the alleged failure to sell a home to Joseph Peil and his alleged costs incurred in finding another home to purchase. (See the underlying complaint attached as Exhibit A). Although the underlying complaint contains an <u>ad damnum</u> clause for $60,000.00, EMCC is currently defending Ollie Wadsworth in the underlying matter and the attorney fees along with the demand indicate that the amount in controversy in this matter is more than $75,000.00.[1] As such, jurisdiction is predicated on diversity of citizenship and the amount in controversy, 28 U.S.C. §1332 and 28 U.S.C. §1446 as amended, and on the Federal Declaratory Judgment Act, 29 U.S.C. §2201.

## UNDERLYING LAWSUIT

6.   The underlying plaintiff filed his original complaint against Ollie Wadsworth on or about November 25, 2003. The complaint, styled, *Joseph M. Peil v. Ollie Wadsworth,* was originally

---

[1] While usually the amount in controversy does not include attorneys fees, in a declaratory judgment action, the amount of the attorney fees that have been incurred and will be incurred in the underlying action are appropriately considered in determining the amount in controversy for the declaratory judgment action. *St. Paul Reinsurance Co., Ltd. v. Greenburg,* 134 F.3d 1250 (5th Cir. 1998)("The amount in controversy, in an action for declaratory or injunctive relief is the value of the right to be protected or the extent of the injury to be prevented. When an insurer seeks a declaratory judgment regarding the coverage provided by an insurance policy, the object of the litigation is the policy and the value of the right to be protected is plaintiff's potential liability under that policy. Thus, in addition to policy limits and potential attorney's fees, items to be considered in ascertaining the amount in controversy when the insurer could be liable for those sums under state law are inter alia penalties, statutory damages and punitive damages–just not interest or costs"); *American Standard Ins. Co. of Wisconsin v. Rogers,* 123 F. Supp. 2d 461 (S.D. Ind. 2000). *Rogers* provided that "the law of our circuit allows an insurer who seeks declaration that its policy does not cover accident and that it has no duty to defend suit arising from accident may include costs of defending underlying action as part of amount in controversy". See *Motorists Mut. Ins. Co. v. Simpson,* 404 F.2d at 515 (where insurance contract obligates insurer to defend insured, permissible to include costs of defense in amount in controversy in declaratory judgment action by insurer against insured; defense costs may not be included if defendants are injured parties, because insurer owes them no duty of defense); *See also* 14B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure,* § 3702 (3d ed. 1998)(approving inclusion of value of defense in amount in controversy between insurer and insured, citing *Stonewall Ins. Co. v. Lopez,* 544 F.2d 198 (5th Cir. 1976)).

filed in the Circuit Court of Montgomery County, Alabama and numbered CV 03-3090. The was case was then transferred to Bullock County on or about July 22, 2004 and numbered CV 04-87. (A copy of the complaint is attached as Exhibit A).

## POLICY PROVISIONS

7.  Employers Mutual Casualty Company issued Homeowners Policy No. 51H-91-90-03 (hereinafter "the Policy") to Ollie Wadsworth. A true and correct copy of the Policy is attached to this Complaint as Exhibit B, and the provisions of the Policy are adopted and incorporated herein by reference.

8.  Ollie Wadsworth is not entitled to coverage under the subject Policy for the claim(s) asserted against her in the underlying action based on, among other policy provisions, the following: (1) the insuring agreement; (3) the definition of "bodily injury"; (4) the definition of "property damage"; (5) the definition of "occurrence"; and (6) the exclusion for expected or intended injury; (12) Late Notice; and (13) other policy provisions.

9.  There is a justiciable controversy which requires the court to declare the rights, remedies, obligations and liabilities of the parties under the Policy.

## REQUESTED RELIEF

Wherefore, premises considered, EMCC requests the court to grant the following relief:

A.  Declare that EMCC does not have a duty to defend and/or indemnify Ollie Wadsworth for the claim(s) asserted against her in the underlying action, and that accordingly EMCC is not required to satisfy any judgment entered against Ollie Wadsworth in the underlying action; and

B.  Grant EMCC such other, further or different relief to which it may be entitled.

*/s/ Cynthia A. Martin*
James A. Kee, Jr.
Cynthia A. Martin
Attorneys for Plaintiff EMCC

OF COUNSEL:

KEE & SELBY, L.L.P.
1900 International Park Drive
Suite 220
Birmingham, Alabama 35243
(205)968-9900 (phone)
(205)968-9909 (fax)


**PLEASE SERVE DEFENDANTS BY CERTIFIED MAIL AT:**

Ollie Wadsworth
305 Hardaway Avenue East
Union Springs, AL 36089

Joseph M. Peil
109 West Tallassee Street
Wetumpka, Alabama 35092