IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| EMPLOYERS MUTUAL CASUALTY COMPANY, an insurance company Incorporated in the State of Iowa; | ) ) ) | |
| V. | ) | CIVIL ACTION NUMBER |
| OLLIE WADSWORTH; and JOSEPH M. PEIL, | ) ) | 2:05 CV 602-T |
| Defendants. | ) ) | |

**MOTION TO DISMISS**

Comes Now the defendant, Ollie Wadsworth and files this Motion pursuant to Rule 12(b)(6)(1) and moves this Court to dismiss this action as for lack of subject matter jurisdiction as the amount in controversy requirement of 28§USC 1332 has not been met. In support of this Motion, Wadsworth shows the following:

1. There is an action for declaratory judgment filed by EMC, as insuror against Wadsworth, its insured, and Peil who has filed suit against Wadsworth in state court. Wadsworth tendered Peil's underlying suit to EMC for both defense and indemnity. EMC has been defending the suit under reservation of rights, but now filed this action seeking a declaration that there is no coverage for Peil's claim under EMC's policy.

2. Importantly, in Peil's state court complaint he specifically requested only $60,000.00, an amount less than the minimal jurisdictional threshold of this court. Accordingly, Wadsworth asserts here that the dispute between Peil,

       Wadsworth and EMC only involves $60,000.00 and that this Court lacks subject matter jurisdiction over this case under 28 USC §1332.

3. EMC, recognizing that it must prove the existence of a sufficient amount in controversy, asserts in its complaint that the potential attorney's fees to be incurred by EMC defending Peil's state court suit must be considered by this court when analyzing the amount in controversy issue. Yet, this assertion is strained at best as it requires this court to assume that Peil's claim will result in a $60,000.00 loss and to assume that an indeterminate cost of defense will exceed $15,000.00. In fact, Peil's entire claim can be resolved for $60,000.00.

4. In support of its claims that this court must consider an alleged $15,000.00 in potential defense cost when determining the amount in controversy EMC cites cases in which a significantly different factual situation existed. For example, <u>Greenberg</u> does not even address inclusion of cost of defense in the "amount in controversy." Rather, it deals with inclusion of an insured's claim for statutory attorney's fees in a suit against the insuror for breach of an insurance contract. <u>St. Paul v. Greenberg</u>, 134 F.3d 1250 at 1252 (See N. 1) (5th Cir. 1998). <u>Stonewall Insurance Company v. Lopez</u>, 544 F.2d 198 (5th Cir. 1976), an insuror filed suit against an insured seeking a declaration that a policy did not provide coverage. Importantly there, the policy limit was exactly $10,000.00, the jurisdictional threshold amount under 28 USC §1332 in the year 1976. In <u>Lopez,</u> the court presumed that one dollar in defense cost would push the amount in controversy between insured and insuror above the

$10,000.00 threshold. Unlike Lopez, here, Wadsworth enjoys a $15,000.00 "cushion" between the amount sought by Peil and the now $75,000.00 threshold.[1]

5. The party asserting the existence of the jurisdictional amount in controversy bears the burden of proving jurisdiction. St. Paul Reinsurance Co. v. Greenberg, 134 F.3d 1250 (5th Cir. 1998). In this circuit, the burden of proving the existence of a sufficient amount in controversy has been described as a heavy one. Burns v. Windsor Ins. Co., 31 F.3d 1092 (11th Cir. 1994). EMC must show that the amount in controversy probably exceeds $75,000.00. Tapscott v. MS Dealer Service Corp., 77 F.3d 1353 (11th Cir. 1996).

6. Here, the underlying suit is basically a contract case to be decided on the language in the papers. The parties will essentially agree on what happened and the dispute will be over the legal significance of those facts. The court cannot assume that the cost of defense will exceed $15,000.00 to find jurisdiction. Jurisdiction should not be found based on a claimed future attorney's fees that are indeterminate and speculative. *See* Federated Mutual Insurance Co. v. McKinnon Motors, LLC, 329 F.3d 805 (11th Cir. 2003). Federal court jurisdiction is limited by statute. This court should not expand and assert jurisdiction over this case by speculating that the future cost of defending the underlying action will exceed another $15,000.00.

---

[1] The court in Motorists Mutual Insurance Company v. Simpson discussed the issue in dicta, but did not make any determination about it. Both Simpson and Allstate v. Dillard, which it cited involved claims of exactly $10,000.00 the then statutory threshold. In each case and penny of defense cost pushed the amount in dispute over the threshold.

**DONALD R. JONES, JR., P.C.**

/s/ Donald R. Jones, Jr.
Donald R. Jones. Jr.
Alabama State Bar No. JON091
2000 Interstate Park Drive, Suite 104
Montgomery, AL  36109
Telephone: (334) 277-3939
Facsimile: (334) 277-3772
Lynn W. Jinks
Alabama State Bar No. ASB-0006-N62L
P.O. Box 350
Union Springs, AL  36089
Telephone:     (334) 738-4225
Facsimile:     (334) 738-4229
Attorneys for Defendant, Ollie Wadsworth

**CERTIFICATE OF SERVICE**

I hereby certify that on July 15, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

James A. Kee, Jr.
Cynthia A. Martin
Kee & Selby
1900 International Park
Suite 220
Birmingham, AL  35243

Brian P. Strength
Cochran, Cherry, Givens & Smith, P.C.
P.O. Box 830419
Tuskegee, AL  36083-0419

/s/ Donald R. Jones, Jr.
Donald R. Jones, Jr.