IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| EMPLOYERS MUTUAL CASUALTY COMPANY, an insurance company incorporated in the State of Iowa; )<br>)<br>)<br>)         Plaintiff, )<br>)<br>)<br>OLLIE WADSWORTH; and )<br>JOSEPH M. PEIL )<br>)<br>         Defendants. ) | CIVIL ACTION NUMBER<br><br>2:05 CV 602 MHT-SRW |

**EMCC'S RESPONSE AND OPPOSITION TO MOTION TO DISMISS**

Comes now the Plaintiff, Employers Mutual Casualty Company ("EMCC"), and files its response and opposition to Ollie Wadsworth's 12(b)(6) Motion to Dismiss this action based upon the amount in controversy. EMCC states as follows:

1. In considering a Rule 12(b)(6) dismissal motion, the court accepts the non-moving party's allegations as true, Fed. R. Civ. P. 12(b); *Andreu v. Sapp*, 919 F.2d 637, 639 (11th Cir. 1990), and construes the complaint liberally in that party's favor. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 1686, 40 L. Ed. 2d 90, 71 Ohio Op. 2d 474 (1974). Therefore, this lawsuit may not be dismissed unless EMCC can prove no set of facts supporting the relief requested. *Id*. at 236, 94 S. Ct. at 1686; *Duke v. Cleland*, 5 F.3d 1399, 1402 (11th Cir. 1993).

2. This declaratory judgment action arises out of an underlying lawsuit pending in Bullock County Circuit Court, styled, *Joseph M. Peil v. Ollie Wadsworth,* CV 04-87 ("the underlying action"). (See the underlying complaint attached as Exhibit A).

3. EMCC issued Homeowner's Policy Number 51H-91-90–03 to Ollie Wadsworth ("insured") and is defending the insured in the underlying action which arises out of the insured's alleged failure to sell a home to Joseph Peil and Mr. Peil's alleged costs incurred in finding another home to purchase.

4. In declaratory judgment actions, "the amount in controversy is the value of the right to be protected or the extent of the injury to be prevented."*Leininger v. Leininger,* 705 F.2d 727, 729 (5th Cir. 1983); *See also, Susan Elizabeth Hunter Kline v. Avis Rent A Car System, Inc.*, 66 F. Supp. 2d 1237 (S.D. Ala. 1999) ("'In declaratory judgment actions, 'it is well established that the amount in controversy is measured by the value of the object of the litigation.'") *citing Hunt v. Washington State Apple Advertising Comm'n,* 432 U.S. 333, 347, 97 S.Ct. 2434, 2443, 53 L. Ed. 2d 383 (1977); *Allstate Ins. Co. v. Hilbun*, 692 F. Supp. 698, 700 (S.D. Miss. 1988)("In actions for declaratory or injunctive relief, the amount in controversy is measured by the value of the object of the litigation).

5. The complaint in *this* declaratory judgment action requests that the Court declare that EMCC does not have a duty to defend and/or indemnify its insured for the claim(s) asserted against the insured in the underlying action, and that accordingly EMCC is not required to satisfy any judgment entered against the insured in the underlying action.

6. In *this* declaratory judgment action the value of the right to be "protected" and/or the "object of the litigation" is EMCC's contractual duties to its insured in the underlying action. The contractual duties encompass (1) defense; and (2) indemnity obligations to its insured. Each issue is addressed separately *infra*.

7. EMCC's Homeowner's Policy Number 51H-91-90–03, provides as follows:

    COVERAGE E - PERSONAL LIABILITY,

If a claim is made or a suit is brought against an "insured" for damages because of "bodily injury" or "property damage" caused by an "occurrence" to which this insurance applies, we will:
1.     Pay up to our limit of liability for the damage for which the "insured" is legally liable. Damages include prejudgment interest awarded against the "insured"; and
2.     Provide a defense at our expense by counsel of our choice, even if the suit is groundless, false or fraudulent. . . .

(Policy attached as Exhibit B).

    8.     Pursuant to the insurance contract between EMCC and its insured, EMCC agreed to provide a defense (pursuant to a strict reservation of rights) to its insured in the underlying action.

    9.     In determining the value of the defense (as it relates to the amount in controversy issue), the court must consider the amount of attorney's fees incurred, the amount that will be incurred (since the insured is requesting a continuing defense in the underlying action) as well as costs incurred in providing this defense. *See e.g. Debro Iron & Metal Co., Inc. v. Transportation Ins. Co.,* 792 F. Supp. 1234 (N.D. Ala. 1992)(the law is now quite settled that attorney's fees are a part of a matter in controversy when they are provided for by contract or by state statute); *Stonewall Ins. Co. v. Lopez*, 544 F.2d 198,199 (5th Cir. 1976)("the pecuniary value of an obligation to defend a separate lawsuit is properly considered in determining the existence of the jurisdictional amount"); *St. Paul Reinsurance Co., Ltd. v. Greenburg,* 134 F.3d 1250, 1252-53 (5th Cir. 1998)("The amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented. When an insurer seeks a declaratory judgment regarding the coverage provided by an insurance policy, "the 'object of the litigation' is the policy and the 'value of the right to be protected' is plaintiff's potential liability under that policy. Thus, in addition

to policy limits and potential attorney's fees, items to be considered in ascertaining the amount in controversy when the insurer could be liable for those sums under state law are inter alia penalties, statutory damages and punitive damages–just not interest or costs.").

10. While generally 'attorney fees do not count toward the amount in controversy', there is an exception to this rule and attorney fees count toward the amount in controversy "when these fees are allowed for by statute or contract." *Federated Mut. Ins. Co. v. McKinnon Motors, LLC,* 329 F.3d 805, 808 (11th Cir. 2003) *citing Graham v. Henegar,* 640 F.2d 732, 736 (5th Cir. 1981).

11. EMCC's obligations to its insured arise *solely* out of the **liability insurance contract** between EMCC and its insured. Accordingly this is the very type of case that warrants the consideration of attorney fees and defense costs in determining the amount in controversy.

12. In 1976, the Fifth Circuit[1] directly addressed this very issue[2] in the context of a declaratory judgment action by an insurer against its insured and wrote as follows:

> As appellants [insureds] correctly note, when the amount in controversy is exactly $10,000, it does not exceed $10,000, and § 1332 does not establish jurisdiction. The controversy here, however, involves not only Stonewall's [insurer's] potential liability for the $10,000, but also Stonewall's obligation to defend the state-court action against Moreno [insured]. **If the insurance contract covers the accident in question, Stonewall [insurer] is obligated, by the contract's terms, to defend Moreno [insured]. If, on the other hand, the insurance contract does not apply to the accident in question, Stonewall [insurer] has no obligation to provide a defense. The pecuniary value of the obligation to defend the separate lawsuit is properly considered in determining the existence of the jurisdictional amount**, and the amount in controversy here therefore exceeds $10,000.

*Stonewall Ins. Co. v. Lopez*, 544 F.2d 198,199 (5th Cir. 1976) emphasis added. *See also Foret v.*

---

[1] Fifth Circuit opinions predating the circuit split in 1981 are binding on the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981).

[2] Noting the jurisdictional limit was $10,000.

*Southern Farm Bureau Life Ins. Co.*, 918 F.2d 534, 536 (5th Cir. 1990)("Attorney fees may be included in determining the jurisdictional amount").

    13.    The Seventh Circuit has also specifically addressed this issue. It wrote as follows:

> The law of the Seventh Circuit allows an insurer who seeks a declaration that its policy does not cover an accident and that it has not duty to defend a suit arising from the accident to include the costs of defending the underlying action as part of the amount in controversy.

*American Standard Ins. Co. of Wisconsin v. Rogers,* 123 F, Supp. 2d 461 (S.D. Ind. 2000). *See also, Motorists Mut. Ins. Co. v. Simpson,* 404 F.2d 511, 515 (7th Cir. 1968)(where insurance contract obligates insurer to defend insured, permissible to include costs of defense in amount in controversy in declaratory judgment action by insurer against insured; defense costs may not be included in defendants are injured parties, because insurer owes them no duty of defense); *American Standard Ins. Co. of Wisconsin v. Rogers,* 123 F. Supp. 2d 461 (S.D. Ind. 2000),("the law of our circuit allows an insurer who seeks declaration that its policy does not cover accident and that it has no duty to defend suit arising from accident may include costs of defending underlying action as part of amount in controversy".); 14B Wright, Miller & Cooper, *Federal Practice and Procedure,* § 3702 (3d ed. 1998)(approving inclusion of value of defense in amount in controversy between insurer and insured, citing *Stonewall Ins. Co. v. Lopez,* 544 F.2d 198 (5th Cir. 1976)).

    14.    Any argument that the future attorney fees are indeterminate and speculative does not mean that this court does not have jurisdiction. *See Debro Iron & Metal Co., Inc. v. Transportation Ins. Co.,* 792 F. Supp. 1234, 1235-36 (N.D. Ala. 1992)(*quoting* Wright, Miller and Cooper, *Federal Practice and Procedure: Jurisdiction 2d* § 3712 [amount in controversy] at pp. 176-78 "The law is now quite settled that attorney's fees are a part of the matter in controversy when they are provided

for by contract . . . but only a reasonable attorney's fee may be included. The same is true when the action is for indemnification for a prior judgment plus the attorney's fees incurred in defending the earlier action. **The precise amount of the fee may be in controversy at the time the action is instituted** . . .") emphasis added.

15. "Where jurisdiction is based on a claim for indeterminate damage, the . . . legal certainty test gives way, and the party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum." *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003) *citing Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356-57 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.,* 204 F.3d 1069, 1072-77 (11th Cir. 2000).

16. In this matter, it is undisputed that Mr. Peil demands $60,000 in the underlying complaint. It is also undisputed that the amount EMCC has paid for defense costs in the underlying action is $ 6,046.11. (Affidavit of Terry L. Hardesty, attached as Exhibit C). EMCC has not withdrawn the defense of its insured. EMCC continues to defend its insured (pursuant to a strict reservation of rights) until the resolution of this declaratory judgment action. Accordingly, the only "indeterminate damage" is the future defense costs and attorney fees. Each month, if not each week, EMCC incurs defense costs and attorney fees in the underlying matter. Simply because EMCC has not actually paid a bill in excess of $15,000 as of this date, does not mean that it will not eventually pay that amount or exceed that amount while defending its insured in the underlying action.

17. At this time, EMCC anticipates that the defense costs in the underlying action will be approximately $50,000. (Affidavit of Terry L. Hardesty, attached as Exhibit C).

18. Including the $60,000 demand, as addressed *infra*, the total for determining the

6

amount in controversy in this declaratory judgment action is $110,000. This amount is in excess of the requisite $75,000 amount in controversy.

19. As provided *supra*, it is undisputed that the value of the indemnity portion as it relates to the amount in controversy for this declaratory judgment action is $60,000.

20. Accordingly, the amount in controversy exceeds the jurisdictional minimum of $75,000 and the Motion to Dismiss is due to be denied.

**Wherefore premises considered**, EMCC requests that this Court deny Ollie Wadsworth's Motion to Dismiss.

/s/James A. Kee, Jr. ASB-4314-e68j
/s/ Cynthia A. Martin ASB-2044-i49c
Attorneys for Employers Mutual Casualty Company

OF COUNSEL
KEE & SELBY
1900 International Park
Suite 220
Birmingham, Alabama 35243
(205)968-9900 (phone)
(205)968-9909 (fax)

**CERTIFICATE OF SERVICE**

  I hereby certify that I have served, electronically, a true and correct copy of the above and foregoing upon all counsel to this proceeding in the underlying litigation, this the 25th day of August, 2005.

Donald R. Jones, Jr., Esq.
2000 Interstate Park Drive, Suite 104
Montgomery, AL 36109

Lynn W. Jinks, Esq.
P.O. Box 350
Union Springs, Alabama 36089

Brian P. Strength, Esq.
Jock Michael Smith, Esq.
Cochran, Cherry, Givens & Smith, P.C.
P.O. Box 830419
Tuskegee, Alabama 36083-0419

              /s/James A. Kee, Jr. ASB-4314-e68j
              /s/ Cynthia A. Martin ASB-2044-i49c