IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| EMPLOYERS MUTUAL CASUALTY COMPANY, an insurance company incorporated in the State of Iowa;<br><br>    Plaintiff,<br><br>V.<br><br>OLLIE WADSWORTH; and<br>JOSEPH M. PEIL<br><br>    Defendants. | CIVIL ACTION NUMBER<br><br>2:05 CV 602-T |

**EMPLOYERS MUTUAL CASUALTY COMPANY'S**
**MEMORANDUM BRIEF IN SUPPORT OF ITS**
**MOTION FOR SUMMARY JUDGMENT**

COMES NOW Employers Mutual Casualty Company ("EMCC") and submits this its Memorandum Brief in Support of its Motion for Summary Judgment. EMCC is entitled to summary judgment in this matter as it does not owe a duty to defend or indemnify Ollie Wadsworth ("Wadsworth") for the claims asserted against her in the underlying action[1]. Accordingly EMCC is not required to satisfy any judgment and/or settlement entered against Ollie Wadsworth in the underlying action nor to provide a defense to Wadsworth in the underlying action.

---

[1] The underlying action is pending in the Circuit Court of Bullock County Circuit Court, styled, *Joseph M. Peil v. Ollie Wadsworth,* docket number CV 04-87 ("the underlying action").

1

## I. PRELIMINARY STATEMENT

In the underlying complaint, Peil asserts that Wadsworth failed to complete the sale of a residence to Peil as agreed in a contract.

EMCC does not owe a duty to defend and/or indemnify Wadsworth under her Homeowners Policy for the claims asserted against her in the underlying action based on the following: (1) the insuring agreement; (2) the definition of "bodily injury"; (3) the definition of "property damage"; and (4) the definition of "occurrence".

## II. NARRATIVE SUMMARY OF UNDISPUTED FACTS

This matter arises out of a lawsuit filed November 25, 2003 in the Circuit Court of Montgomery County, Alabama identified as *Joseph M. Peil v. Ollie Wadsworth,* docket number CV 04-87. (See Complaint in underlying action, attached as Exhibit 1 to Motion for Summary Judgment). According to the complaint in the underlying action, on February 21, 2003, Peil came from Lansing, Michigan to Montgomery, Alabama and entered into a contract whereby he alleges that he agreed to purchase and Wadsworth agreed to sell a residence located at 305 Hardaway Avenue, Union Springs, Alabama for $110,000. (See Complaint at paragraph 1 in underlying action, attached as Exhibit 1 to Motion for Summary Judgment).

The underlying complaint asserts that although the parties agreed to close the sale on this property on April 30, 2003, Wadsworth cancelled the April 30, 2003

closing date. (See Complaint at paragraph 2 in underlying action, attached as Exhibit 1 to Motion for Summary Judgment). According to the complaint in the underlying action, Peil orally suggested to close the sale on May 15, 2003, however, Wadsworth did not respond to the May 15, 2003 proposed closing date. (See Complaint at paragraph 3 in underlying action, attached as Exhibit 1 to Motion for Summary Judgment). Peil alleges that Wadsworth failed to respond to any effort to complete the sale. (See Complaint at paragraph 4 in underlying action, attached as Exhibit 1 to Motion for Summary Judgment).

Peil asserts that he then made another trip from Lansing, Michigan to Montgomery, Alabama to try to close on the property. (See Complaint at paragraph 4 in underlying action, attached as Exhibit 1 to Motion for Summary Judgment). Peil was allegedly informed by Wadsworth that she would not close on the property until June 15, 2003. (See Complaint at paragraph 5 in underlying action, attached as Exhibit 1 to Motion for Summary Judgment).

According to the underlying complaint, this date was unsatisfactory to Peil due to the alleged additional expenses related to the proposed delay in closing on the residence and the alleged inconvenience of the continued maintenance of the Lansing, Michigan residence. (See Complaint at paragraph 5 in underlying action, attached as Exhibit 1 to Motion for Summary Judgment). The complaint asserts that at this point

Wadsworth declared that she would not "honor the contract to sell." (See Complaint at paragraph 6 in underlying action, attached as Exhibit 1 to Motion for Summary Judgment).

Peil asserts that he found another home allegedly comparable to Wadsworth's home, however, at a price of $160,000 ($50,000 more). (See Complaint at paragraph 9 in underlying action, attached as Exhibit 1 to Motion for Summary Judgment). Peil is seeking $60,000 plus court costs due to Wadsworth's alleged "delaying actions and her refusal to honor the contract to sell the residence located at 305 Hardaway Avenue, Union Springs, Alabama". (See Complaint at paragraph 10 in underlying action, attached as Exhibit 1 to Motion for Summary Judgment).

Peil asserts only a breach of contract claim in the underlying action against Wadsworth. (Complaint in underlying action attached as Exhibit 1 to Motion for Summary Judgment).

**Insurance Policy**

EMCC issued Homeowners Policy Number 51H-91-90-03 (hereinafter "the Policy") to Wadsworth with effective policy dates of December 10, 2002 to December 10, 2003. (Certified Policy attached as Exhibit 2 to EMCC's Motion for Summary Judgment).

EMCC is currently defending Wadsworth in the underlying matter pursuant to

a strict reservation of rights.

### III. SUMMARY JUDGMENT STANDARD

A party is entitled to summary judgment when no genuine issue as to any material fact exists and the party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56. In ruling on a motion for summary judgement, a district court must perform a dual inquiry into the <u>genuineness</u> and <u>materiality</u> of any purported factual issues. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). In Anderson, the United States Supreme Court explained that:

> By its very terms, [the summary judgment] standard provides that the mere existence of <u>some</u> alleged factual dispute between the parties will not defeat an otherwise supported motion for summary judgment; the requirement is that there is no <u>genuine</u> issue of <u>material</u> fact.

Anderson, 477 U.S. at 247-48 (emphasis in original). "A court is not obligated to find that there is no conflict in the evidence; the court must merely find that there is not <u>substantial</u> evidence opposed to the moving party's position." Jones v. Miles Laboratories, Inc., 887 F.2d 1576, 1578 (11th Cir. 1989)(emphasis in original). Similarily, the Eleventh Circuit defines the summary judgment standard as one which requires that all <u>reasonable</u> doubts be decided in favor of the non-moving party but emphasizes that the standard does "not require [the court] to resolve <u>all</u> doubts in such manner." Barnes v. Southwest Forest Indus., 814 F.2d 607, 609 (11th Cir. 1987)(emphasis in original). In determining the appropriateness of granting a

summary judgment motion, the court "must bear in mind the actual quantum and quality of proof necessary <u>to support liability</u> in a given case." <u>Barnes</u>, 814 F.2d at 609. (emphasis added).

Summary judgment is appropriate when a party fails to make a showing sufficient to establish the existence of an element to the party's case. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986). A complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. <u>Celotex</u>, 477 U.S. at 322-23. <u>See</u> <u>also</u>, <u>Earley v. Champion Int'l Corp.</u>, 907 F.2d 1077, 1081 (11th Cir. 1990). Here, EMCC is entitled to summary judgment regarding its duties to defend and/or indemnify Ollie Wadsworth in the underlying action.

## IV. ARGUMENT

**EMCC Has No Duty To Defend Or Indemnify Wadsworth in the Underlying Action.**

The Policy issued by EMCC to Wadsworth does not provide coverage for defense and/or indemnification to her for the claims asserted by Peil in the underlying action.

**Insuring Agreement**

The insuring agreement provides as follows:

If a claim is made or a suit is brought against an "insured" for damages

6

because of "bodily injury" or "property damage" caused by an "occurrence" to which this coverage applies, we will:

1. Pay up to our limit of liability for the damages for which the "insured" is legally liable. Damages include prejudgment interest awarded against the "insured"; and

2. Provide a defense at our expense by counsel of our choice, even if the suit is groundless, false or fraudulent. We may investigate and settle any claim or suit that we decide is appropriate. Our duty to settle or defend ends when the amount we pay for damages resulting from the "occurrence" equals our limit of liability.

**There is No Bodily Injury Claim Asserted**

The Policy defines "bodily injury" as "bodily harm, sickness or disease, including required care, loss of services and death that results." The complaint in the underlying action does not assert a claim nor demand any damages for "bodily injury". This is a claim for the alleged failure to complete a real estate transaction. The only damages sought are for the difference in price from one home to the other. There is no "bodily injury" asserted.

**There is No Claim for Property Damage Asserted**

The Policy defines "property damage" as :

a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

This is a claim for the additional $50,000 Peil alleges he paid to purchase a

home comparable to Wadsworth's residence when Wadsworth allegedly did not follow through on the agreement to sell the residence. There is no claim for physical injury to tangible property. Furthermore, the damages sought are not for any alleged loss of use. This claim is for the alleged failure to follow through on an agreement to sell the residence.

While there is no "bodily injury" and no "property damage", there is absolutely **no** allegation that any alleged "injury or damage" was caused by an "**occurrence**".

**There is No Occurrence Asserted**

The policy defines "occurrence" to mean "an accident, including continuous or repeated exposure to substantially the same general harmful conditions, which results, during the policy period, in: a. "Bodily injury"; or b. "Property damage." Wadsworth allegedly agreed to sell her residence for a certain price and to close on said residence on a certain date. Wadsworth allegedly then decided to cancel said closing. According to the underlying complaint, Wadsworth offered another date for said closing. Upon Peils' alleged failure to agree to said date, Wadsworth declared she would not "honor the contract to sell".

The only cause of action gleaned from the complaint in the underlying action is a breach of contract claim. A breach of contract claim does not amount to an occurrence. Auto-Owners Insurance Company v. Toole, 947 F.Supp. 1557 (M.D.

Ala. Nov. 27, 1996); Auto-Owners Ins. Co. v. Brewster, No. CV 94-H-576-S (N.D. Ala. June 1, 1995)(stating "[T]he court is satisfied that an alleged breach of contract ... is not an 'occurrence' as defined by the policy. Such a potential breach is not an accident or a continuous or repeated exposure to substantially the same general harmful conditions." Id. at 7); Reliance v. Wyatt, Inc., 540 So. 2d 688 (Ala. 1988). EMCC owes no duties to Wadsworth in this matter.

This declaration and these alleged actions are certainly no "accident." This conduct is a result of a series of conscious choices and purposeful and deliberate actions. See e.g. Hartford Cas. Ins. Co. v. Merchant's & Farmer's Bank, 2005 Ala. Lexis 138 (September 2, 2005)(involving series of financial transactions leading to bank's seizure of inventory and money).

On September 2, 2005, The Alabama Supreme Court addressed a similar issue and held that when an insured decides upon a deliberate course of conduct and throughout the time frame in question intentionally pursues that course of conduct, the series of purposeful and deliberate acts do not and cannot be described as an accident. Hartford Cas. Ins. Co. v. Merchant's & Farmer's Bank, 2005 Ala. Lexis 138 (September 2, 2005).

In Hartford, Merchant's & Farmer's Bank ("bank") was the insured that filed a declaratory judgment action against its insurer, Hartford, regarding Hartford's

decision to not defend the bank in an action filed by one of its customers, a retail seller of furniture.  Hartford involved a series of financial transactions between the bank and its customer.  The customer eventually became indebted to the bank.  The bank, in exchange, obtained a perfected security interest in the customer's inventory and equipment and in all proceeds derived from the sales of its inventory.  The customer later defaulted on its debt to the bank.  Shortly after the default, the bank learned that the customer had entered into an agreement with a third party (another furniture retailer) pursuant to which the third party had placed its inventory in the customer's store as part of a liquidation sale.  The bank also learned that the third party was in the process of removing all of its inventory from the customer's store.

      The bank discovered that the third party had not filed a financing statement relating to the inventory it had placed in the customer's store and it had not secured its interest in the inventory.  The bank's attorney concluded that any furniture belonging to the third party placed in the customer's store for sale was under consignment.  This attorney then instructed the bank that it had a security interest superior to the third party in merchandise placed in the customer's store by the third party and in any proceeds from the sale of that merchandise.  The bank notified the third party of its position.  The third party then sued the bank and its customer for (1) conversion; (2) detinue; and (3) negligence, willfulness and wantonness.

The bank turned to Hartford for a defense and indemnification. Hartford concluded that the allegations of the complaint did not meet the policy definition of "occurrence", "property damage" or "bodily injury" and it denied the claim. The bank then filed a declaratory judgment action.

In reversing the trial court's decision in favor of the bank (insured), the Alabama Supreme Court held:

> These facts, admitted by all parties, establish that [the bank] decided upon a **deliberate course of conduct** and, throughout the time frame in questions, **intentionally pursued that course of conduct**. [The bank] understood that in pursuing that course of conduct it would be asserting a contested claim to certain property and moneys. **By any reasonable standard, these facts show a series of purposeful and deliberate acts that do not and cannot be described as an accident. [The bank] does not, and cannot, on these facts, show an unexpected, unintended, or unforseen result from its course of action. [The bank] "may have made a mistake of fact and/or an error in judgment, but it at all times acted in a deliberate and purposeful manner."** Mindis Metals, Inc. v. Transportation Ins. Co., 209 F.3d 1296, 1301 (11th Cir. 2000). **In view of these undisputed facts, we find no accident and hence no occurrence that would trigger Hartford's duty to defend.**

Hartford Cas. Ins. Co. v. Merchant's & Farmer's Bank, 2005 Ala. Lexis 138 (September 2, 2005)(emphasis added).

Hartford is dispositive of this matter. Here, Wadsworth allegedly agreed to proceed with selling a residence to Peil and agreed to close on said matter on a certain date. According to the underlying complaint, Peil "declared that she would not close said sale until June 15, 2003". The Complaint further asserted this date was

11

unsatisfactory to Peil and then Wadsworth "declared that she would not honor the contract to sell". These actions are not an accident. Wadsworth's decision to "declare that she would not close" on a certain date and then the decision that "she would not honor the contract to sell" were clearly deliberate and purposeful acts and not an 'accident'.

Based upon the allegations in the underlying action, Wadsworth decided upon a deliberate course of conduct and intentionally pursued that course of conduct. These alleged facts show a series of purposeful and deliberate acts that do not and cannot be described as an accident.

Similarly, according to the complaint in the underlying action, Wadsworth's decision to not proceed with the transaction was a deliberate choice. Her alleged actions were not an 'accident'. Accordingly, EMCC owes no duties to Ollie Wadsworth under this policy.

## V.  CONCLUSION

For the reasons stated above, EMCC is entitled to full and final summary judgment on the insurance coverage issues in this case. EMCC requests that the Court enter an order finding that:

 A. EMCC does not have a duty to defend and/or indemnify Ollie Wadsworth for the claims asserted against her in the underlying action,

      and that EMCC is not required to satisfy any judgment and/or settlement entered against Ollie Wadsworth in the underlying action;

B.     EMCC may immediately withdraw its defense of Ollie Wadsworth in the underlying action; and

C.     Said judgment is final, there being no just reason for delaying the entry of final judgment.

                                Respectfully submitted,

                                /s/James A. Kee, Jr. ASB-4314-e68j
                              /s/Cynthia A. Martin ASB-2044-i49c
                              Attorneys for Employers Mutual Casualty Company

<u>OF COUNSEL</u>
KEE & SELBY
1900 International Park
Suite 220
Birmingham, Alabama 35243
(205) 968-9900

**CERTIFICATE OF SERVICE**

     I hereby certify that on December    , 2005 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to:

Donald R. Jones, Jr., Esq.
2000 Interstate Park Drive, Suite 104
Montgomery, AL 36109

Brian P. Strength
Cochran, Cherry, Givens & Smith, P.C.
P.O. Box 830419
Tuskegee, Alabama 36083-0419

                            /s/Cynthia A. Martin ASB-2044-i49c