IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| EMPLOYERS MUTUAL CASUALTY COMPANY, an insurance company Incorporated in the State of Iowa; | ) ) ) | |
| V. | ) | CIVIL ACTION NUMBER |
| OLLIE WADSWORTH; and JOSEPH M. PEIL, | ) ) | 2:05 CV 602-T |
| Defendants. | ) ) | |

## DEFENDANT, OLLIE WADSWORTH'S RESPONSE TO EMCC'S MOTION FOR SUMMARY JUDGMENT

### I. PRELIMINARY STATEMENT

This declaratory judgment action arises out of an assertion by an insurance company, Employers Mutual Casualty Company ("EMCC") that it owes no duty to defend or indemnify its insured (Ms. Ollie Wadsworth) under her Homeowners Policy in an underlying action pending against her concerning the sale of her home.

Unfortunately, EMCC's Motion is based on an erroneous understanding that there is only one claim, a claim for breach of contract filed in a single complaint. EMCC erroneously ignores the fact that on February 28, 2005, Peil filed a First Amended Complaint with claims for misrepresentation for which mental anguish can be part of compensatory damages. (Attached hereto as Exhibit 3 and 4). Under Alabama law, mental anguish constitutes "bodily injury" under a policy that defines "bodily injury" as "sickness and disease", as the one at issue here does.

In addition, the issue of indemnification is not ripe for review in a declaratory judgment action as that issue depends on the outcome of the underlying lawsuit and the application of

the policy to the facts as presented at trial. Consequently, Wadsworth denied the jurisdictional allegations of the Amended Complaint for Declaratory Judgment.

Finally, the language of the policy itself implies that disputes, whether contractual or not, over the ownership of the home are covered.

## II. NARRATIVE SUMMARY OF UNDISPUTED FACTS

Plaintiff Employers Mutual Casualty Company, hereinafter referred to as "EMCC", filed this declaratory judgment action requesting that this Court absolve it of any duty, responsibility or obligation to defend and/or indemnify Ms. Ollie Wadsworth in a civil matter pending in Bullock County, entitled <u>Joseph M. Peil v. Ollie Wadsworth</u>, CV 04-87. Hereinafter, the circuit court action will be referred to as the "underlying lawsuit". There is no dispute that Ms. Wadsworth purchased a homeowner's policy from EMCC to protect her residence, a frame house built in 1906 in Union Springs. There is also no dispute that the policy was in full force and effect at the time of the events alleged by Joseph Peil against Ms. Wadsworth in the underlying suit. . (The EMCC policy in effect at that time is attached hereto as Exhibit 1 and Plaintiff Peil's complaint pending in Bullock County against Ms. Wadsworth is attached hereto as Exhibit 2.) EMCC is defending Ms. Wadsworth in the underlying lawsuit under a strict reservation of rights, but EMCC has filed this declaratory judgment action, alleging that Ms. Wadsworth is not entitled to coverage under her policy for the claims asserted against her.

In the underlying complaint, Peil alleges that he entered into a contract with Ms. Wadsworth on February 21, 2003, to purchase her residence at 305 Hardaway Avenue in Union Springs, Alabama for a stated purchase price of $110,000., (one hundred and ten thousand dollars). (See Complaint at paragraph 1, attached hereto as Exhibit 2). The sale

2

was not consummated due to what appears to be oral disagreements concerning a closing date. (See Complaint, attached hereto as Exhibit 2). Peil did not agree to Ms. Wadsworth's proposed closing date of June 15, 2003, due to what he termed alleged additional expense and inconvenience incurred in his move from Lansing, Michigan to Alabama. (See Complaint at paragraph 5, attached hereto as Exhibit 2). Peil then abandoned the purchase of the house in Union Springs, sought the services of a real estate company and eventually purchased a house in Wetumpka, Alabama for $160,000.00, i.e., $50,000.00 more than the price of Ms. Wadsworth's home and located in a different market. (See Complaint at paragraphs 7, 8, and 9, attached hereto as Exhibit 2).The underlying lawsuit does not state when Peil purchased the house in Wetumpka or on what basis he considers it comparable to the one in Union Springs. Peil alleges damages against Ms. Wadsworth in the amount of $60,000. (See Complaint at paragraph 10, attached hereto as Exhibit 2). Ms. Wadsworth's insurer, EMCC brings this action, asserting that it has no duty to defend or indemnify her in the underlying lawsuit. Ms. Wadsworth disagrees and asks this Court to deny EMCC's Motion for Summary Judgment at this time.

### III. STANDARD FOR SUMMARY JUDGMENT

The standard for review of a motion for summary judgment has been clearly stated and consistently applied by the courts in Alabama for many years. One such recent case is In re HealthSouth Corporation Insurance Litigation, 308 F. Supp.2d 1253 (N.D. Ala.2004).

> [T]he court next addresses the relevant standard of review. When a district court reviews a motion for summary judgment under Federal Rule of Civil Procedure 56, it must determine two things: (1) whether any genuine issues of material fact exist; and, if not, (2) whether the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). To succeed, the moving party bears the burden of establishing both prongs of the summary judgment test. The nonmoving party may defeat the motion for summary judgment by establishing *either* genuine issues of material fact *or* that the movant is not

entitled to judgment as a matter of law. Substantive law determines which facts are material and which are irrelevant. *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505. A dispute raises a genuine issue of fact "only if a reasonable jury considering the evidence presented could find for the nonmoving party." *Anderson,* 477 U.S. at 249, 106 S.Ct. 2505. Material facts affect the outcome of the trial under governing law. 477 U.S. at 248, 106 S.Ct. 2505. To *1268 determine whether a material fact exists, the court must consider all the evidence in the light most favorable to the nonmoving party. *Anderson,* 477 U.S. at 249, 106 S.Ct. 2505; *Patton v. Triad Guar. Ins. Corp.,* 277 F.3d 1294, 1296 (11th Cir.2002); *Witter v. Delta Air Lines, Inc.,* 138 F.3d 1366, 1369 (11th Cir.1998).

Summary judgment is improper in this case at this time.

## IV. ARGUMENT

### A. EMCC Has A Duty To Defend Ms. Wadsworth In The Underlying Lawsuit

Summary judgment is improper in this case, as "(t)his broad duty on the part of an insurer to defend an insured arises out of a principle that an ambiguous insurance policy is to be construed ***liberally in favor of the insured and strictly against the insurer***. American States Ins. Co. v. Martin, 662 So. 2d 245 (Ala. 1995); Tyler v. Insurance Co. of North America, 331 So.2d 641 (Ala. 1976)." Hartford Casualty Insurance Co. v. Merchant & Farmers Bank, 2005 WL 2108550, Ala., September 2, 2005 (emphasis added). The duty to defend is "more extensive" than the duty to indemnify. United States Fidelity & Guaranty Co. v. Armstrong, 479 So. 2d 1164, 1168 (Ala.1985). Under Alabama law, "[a]n insurance company's duty to defend its insured is determined by the language of the insurance policy and by the allegations in the complaint giving rise to the action against the insured." Ajdarodini v. State Auto Mutual Insurance Co., 628 So.2d 312, 313 (Ala. 1993) (citing American States Insurance Co. v. Cooper, 518 So.2d 708, 709 (Ala. 1987). The primary test in determining whether an insurance company owes a duty to provide an

4

insured with a defense to a proceeding brought against it is based on the allegations articulated in the complaint. United States Fidelity & Guaranty Co., v. Armstrong, 479 So.2d 1164, 1167 (Ala. 1985). EMCC's motion for summary judgment is based wholly and entirely on the premise that the underlying suit is one with a single complaint for breach of contract and nothing more. "Peil asserts only a breach of contract in the underlying action against Wadsworth." (See EMCC's Memorandum Brief in Support of Motion for Summary Judgment at II. Narrative Summary of Undisputed Facts.) This is entirely untrue, as on February 28, 2005 Peil filed an amended complaint, alleging misrepresentation and suppression. (See Peil's First Amended Complaint, attached hereto as Exhibit 3 and 4). The allegations contained in the amended complaint trigger EMCC's duty to defend.

The availability of a recovery for mental anguish presented in the First Amended Complaint clearly places the issue of whether coverage is available in dispute. In the First Amended Complaint the Plaintiff makes claims for misrepresentation and suppression against Wadsworth. The Plaintiff generally asserts that he was injured as a result of the false representations and suppressions and makes a "general" demand for compensatory damages in the case. It is well settled Alabama law that mental anguish is a recoverable element of damages in an action, even for breach of contract, when dealing with matters of mental concern, so that the breach will necessarily result in mental anguish. Claims relating to the acquisition of a home have been long recognized as giving rise to mental anguish. *M&M Homes Inc. v. Hogan 376 So.2d 667 (Ala. 1979).* Moreover, this very Court ruled in *American Economy Insurance Company v. Fort Deposit Bank* that mental anguish arising from a misrepresentation is covered as bodily injury under a general liability insurance

policy defining bodily injury as "sickness or disease". *890 Fed. Supp. 1011, (M.D. Ala. 1995)*.

Second, the very terms of the policy itself imply that there is liability coverage for a dispute such as the one between Ms. Wadsworth and Mr. Peil. The terms of the policy state:

> "COVERAGE E- Personal Liability
>
> If a claim is made or a suit is brought against an "insured" for damages because of "bodily injury" or "property damage" caused by an "occurrence" to which this coverage applies, we will:
>
> 1.  Pay up to our limit of liability for the damages for which the "insured" is legally liable. Damages include prejudgment interest awarded against the "insured"; and
>
> 2.  Provide a defense at our expense by counsel of our choice, even if the suit is groundless, false or fraudulent. We may investigate and settle any claim or suit that we decide is appropriate. Our duty to settle or defend ends when the amount we pay for damages resulting from the "occurrence" equals our limit of liability."

Specifically excluded from the policy are contracts with the exception of contracts that relate to the ownership of the insured location. The policy states:

> "2. Coverage E- Personal Liability, does not apply to:
>
> a. Liability:
>
> (1) For any loss assessment charged against you as a member of an association, corporation or community of property owners;
>
> (2) Under any contract or agreement. However, this exclusion does not apply to written contracts:
>
> (a) That directly relate to the ownership, maintenance or use of an "insured location", or…"

(Exhibit 1; Policy pp 12-14 of 18).

6

Clearly this is a dispute which involves a claim for mental anguish "bodily injury" arising out of a contract relating to the ownership of the home.

B.      **The Issue Of Indemnification Is Not Ripe For Declaratory Relief On Summary Judgment**

The plaintiff in this action, EMCC, asked a federal court to declare that it had no duty to indemnify its insureds in a case last year in the Southern District of Alabama . In the case of Employers Mutual Casualty Company v. All Season Window & Door Manufacturing, Inc., et al., 387 F. Supp.2d 1205 (S.D. Ala. 2005), EMCC provided a defense in the underlying cases but filed a declaratory judgment action requesting a declaration that it had no duty to indemnify its insured in underlying lawsuits alleging construction defects. The Court granted defendants' motion to dismiss the declaratory judgment action, writing extensively on the subject and citing a litany of preceding cases that supported dismissal.

> It is unnecessary to retread the ground so well trodden by these decisions. What was said in *American Fidelity* and echoed and amplified in the cited lower court opinions applies in full measure here. **It is simply inappropriate to exercise jurisdiction over an action seeking a declaration of the plaintiff's indemnity obligations absent a determination of the insureds' liability to the movants.** 387 F. Supp.2d at 1211, 1212. (emphasis added).

Summary Judgment on a declaratory judgment action is simply improper at this time.

In Hartford, the Court examined what constitutes an "occurrence" or an "accident", within the meaning if an insurance policy, the presence of which would trigger the duty to indemnify, as well as restating the well-established rule of law in Alabama that the facts,

7

not the allegations, in the underlying case must be adduced before a determination of duty to defend can be reached. This makes for efficient and productive judicial policy, since if the insured prevails in the underlying lawsuit, the issue of indemnification becomes moot. The Court would not have to reach the issue and the time of the Court, as well as the parties would not be wasted. See <u>Auto-Owners Ins. Co. v. Toole</u>, 947 F. Supp. 1557, (M.D. Ala. 1996).  The Hartford Court found that the trial court's ruling that a duty to indemnify existed was a premature one at that such a determination will depend on the facts adduced at trial. This follows a long line of Alabama cases that have held the issue of indemnification is not sufficiently ripe to present a case or controversy resolvable under the Declaratory Judgment Act. Later cases have gone even further, holding that even if the claim is ripe, that if it is possible that the insured would prevail in the underlying lawsuit, the courts have the discretion to decline the relief requested, as presenting a possibly moot point or a lack of jurisdiction in the District Court. See <u>Auto-Owners Ins. Co. v. Toole</u>, *supra*; <u>Allstate Indem. Co. v. Lewis</u>, 985 F. Supp. 1341 (M.D.Ala.1997); <u>Guaranty Nat. Ins. Co. v. Beeline Stores, Inc</u>., 945 F. Supp.1510 (M.D. Ala. 1996);and <u>Sentry Ins. Co. v. Miller,</u> 914 F.Supp.496 (M.D. Ala.1996), affirmed in part, reversed in part, 114 F.3d 1202.

### V. CONCLUSION

Simply put, Summary Judgment should be denied for three reasons.

1.      There is a claim for the mental anguish which constitutes bodily injury under the policy;

2.      The policy specifically insures bodily injury arising from contracts relating to the ownership of the home and;

3. Any decision, whether based on a Motion for Summary Judgment or otherwise, is inappropriate at this time. Ms. Wadsworth denied the allegations of this Court's jurisdiction in response to paragraph 5 of the Amended Complaint and Summary Judgment would be inappropriate until the issue of duty to defend is ripe for decision.

Accordingly, Wadsworth asks this Court to deny EMCC's Motion for Summary Judgment.

**DONALD R. JONES, JR., P.C.**

/s/ Donald R. Jones, Jr.
Donald R. Jones. Jr.
Alabama State Bar No. JON091
2000 Interstate Park Drive, Suite 104
Montgomery, AL  36109
Telephone: (334) 277-3939
Facsimile: (334) 277-3772

**CERTIFICATE OF SERVICE**

I hereby certify that on January 27, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

James A. Kee, Jr.
Cynthia A. Martin
Kee & Selby
1900 International Park
Suite 220
Birmingham, AL  35243

Brian P. Strength
Cochran, Cherry, Givens & Smith, P.C.
P.O. Box 830419
Tuskegee, AL  36083-0419

/s/ Donald R. Jones, Jr.
Donald R. Jones, Jr.