01/07/2004 WED 14:32 FAX
Case 2:05-cv-00602-MHT-SRW    Document 15    Filed 12/27/2005    Page 1 of 11
Dec 30 03 10:31a    Case 2:05-cv-00602-MHT-SRW    Document 12-3    Filed 01/27/2006    Page 1 of 3

IN THE CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
CIVIL DIVISION

| | | |
|---|---|---|
| JOSEPH M. PEIL | * | |
| | * | |
| VS | * | CASE NO. CV _____ |
| | * | |
| OLLIE WADSWORTH | * | |
| | * | |

STATE OF ALABAMA
MONTGOMERY COUNTY

2003 NOV 25 PM 1:30

## COMPLAINT

Comes now, Joseph M. Peil, Plaintiff, who first being duly sworn, deposes and says unto this Honorable Court as follows:

(1) That on February 21, 2003, he came from Lansing, Michigan to Re/Max of Montgomery, Inc., 4240 Carmichael Court North, Montgomery, Alabama 36106, where he entered into a contract, whereby he agreed to purchase and Ollie Wadsworth, Defendant, agreed to sell a residence located at 305 Hardaway Avenue, Union Springs, Alabama, for the sum of One Hundred Ten Thousand ($110,000.00) & 00/100 Dollars.

(2) That the parties agreed that the sale would close on April 30, 2003, with possession on closing. Defendant cancelled said closing date.

(3) That Plaintiff made an oral suggestion to Defendant to close said sale on May 15, 2003, citing the expenses incurred by the failure to close. Defendant did not reply to the May 15, 2003 offer.

(4) That Defendant did not respond to Plaintiff's efforts to complete said sale, which forced Plaintiff to make another trip from Lansing, Michigan to Montgomery, Alabama, to

EXHIBIT
2
tabbies

01/07/2004 WED 14:32 FAX ⌐004/005
Case 2:05-cv-00602-MHT-SRW   Document 15   Filed 12/27/2005   Page 2 of 11
Case 2:05-cv-00602-MHT-SRW   Document 18-3   Filed 01/27/2006   Page 2 of 3
Dec 30 03 10:31a   DIVERSIFIED ELEVATOR SVC   3342656165   p.3

try to close said sale. The Delays caused by Defendant were causing him to incur extra expenses in closing his Michigan residence and moving to Alabama.

(5) That Defendant declared that she would not close said sale until June 15, 2003, which was unsatisfactory to Plaintiff because of additional expenses related to the proposed delay of closing and inconvenience of continued maintenance of his Lansing, Michigan residence.

(6) That at this point Defendant declared that she would not honor the contract to sell.

(7) That Plaintiff, on notice of Defendant's default on the sale contract pertaining to the residence located at 305 Hardaway Avenue, Union Springs, Alabama, entered into a contract with Re/Max of Montgomery, Inc. to locate a residence comparable to the residence located at 305 Hardaway Avenue, Union Springs, Alabama.

(8) That Re/Max of Montgomery, Inc. located a residence comparable to the residence located at 305 Hardaway Avenue, Union Springs, Alabama, at 109 West Tallassee Street, Wetumpka, Alabama.

(9) That Plaintiff entered into a sales contract with Don and Jerry Little, whereby he purchased and took possession of the residence located at 109 West Tallassee Street, Wetumpka, Alabama for the sum of One Hundred Sixty Thousand ($160,00.00) & 00/100 Dollars.

01/07/2004 WED 14:33 FAX                                                                                                         005/005
Case 2:05-cv-00602-MHT-SRW    Document 15    Filed 12/27/2005    Page 3 of 11
Dec 30 03 10:31a    DIVERSIFIED ELEVATOR SVC
Case 2:05-cv-00602-MHT-SRW    Document 18-3    Filed 01/27/2006    Page 3 of 3

(10) That Defendant's delaying actions and her refusal to honor the contract to sell the residence located at 305 Hardaway Avenue, Union Springs, Alabama has caused Plaintiff to incur damages in the sum of Sixty Thousand ($60,000.00) & 00/100 Dollars. THE PREMISES CONSIDERED, Joseph M. Peil demands judgment in the sum of Sixty Thousand ($60,000.00) & 00/100 Dollars against Ollie Wadsworth, plus court costs.

_____
Joseph M. Peil

Joseph M. Peil requests a jury trial.

STATE OF ALABAMA
MONTGOMERY COUNTY

Before me, the undersigned authority, a Notary Public in and for the State at Large, appeared Joseph M. Peil, who is known to me. First being duly sworn, says on oath as follows:

"That the foregoing Complaint was prepared under my supervision. I have read said Complaint and it is to my knowledge true and correct."

_____
Joseph M. Peil

Sworn to and subscribed before me on this the ___17th___ day of __Nov.__, 2003.

_____
NOTARY PUBLIC