# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| EMPLOYERS MUTUAL CASUALTY ) <br> COMPANY, an insurance company ) <br> incorporated in the State of Iowa; ) <br> ) <br> Plaintiff, ) <br> ) <br> V. ) <br> ) <br> OLLIE WADSWORTH; and ) <br> JOSEPH M. PEIL ) <br> ) <br> Defendants. ) | CIVIL ACTION NUMBER <br><br> 2:05 CV 602-T |

### EMPLOYERS MUTUAL CASUALTY COMPANY'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

COMES NOW Employers Mutual Casualty Company ("EMCC") and submits this its Reply Brief to Ollie Wadsworth's ("Wadsworth") and Joseph Peil's ("Peil") Response and Opposition to EMCC's Motion for Summary Judgment. EMCC's Motion for Summary Judgment is due to be granted as it does not owe a duty to defend or indemnify Wadsworth for the claims asserted against her in the underlying state court action[1].

---

[1] The underlying action is pending in the Circuit Court of Bullock County, styled, *Joseph M. Peil v. Ollie Wadsworth,* docket number CV 04-87 ("the underlying action").

1

## I. ARGUMENT

**EMCC Has No Duty To Defend Or Indemnify Wadsworth in the Underlying Action.**

The Policy issued by EMCC to Wadsworth does not provide coverage for defense and/or indemnification to her for the claims (breach of contract as well as the misrepresentation and suppression claims[2]) asserted by Peil in the underlying action.

**Breach of Contract**

In their response, Wadsworth and Peil do not contend that EMCC owes any duties regarding the breach of contract claim. As previously asserted, EMCC owes no duty to defend nor indemnify as to this claim because there is no claim for "bodily injury" and/or "property damage". Furthermore, there is no "occurrence". This conduct is a result of a series of conscious choices and purposeful and deliberate actions. See Hartford Cas. Ins. Co. v. Merchant's & Farmer's Bank, 2005 Ala. Lexis 138 (September 2, 2005)(involving series of financial transactions leading to bank's seizure of inventory and money). EMCC refers the Court to its original Brief in Support of its Motion for Summary Judgment at pages 8-12 for additional arguments and authority that there has been no "accident" alleged in the underlying action.

---

[2] An Amended complaint was apparently filed in the underlying action, although unknown to counsel for EMCC in this action and not reflected on the Alabama SJIS case detail report attached as Exhibit 2 to EMCC's Motion for Leave to file a Reply Brief.

2

**Misrepresentation and Suppression**

According to the Amended Complaint in the underlying action, Wadsworth allegedly "repeatedly made representations that the closing on the property would take place at certain dates and times." Amended Complaint at para 2. The suppression claim is based upon the allegation that "defendant suppressed the fact that she had no intention to sell the property and going through with the closing on the various dates." Amended Complaint at para 2. EMCC owes no duties to Wadsworth for these claims.

The insuring agreement provides as follows:

If a claim is made or a suit is brought against an "insured" for damages because of **"bodily injury" or "property damage" caused by an "occurrence"** to which this coverage applies, we will:
1. Pay up to our limit of liability for the damages for which the "insured" is legally liable. Damages include prejudgment interest awarded against the "insured"; and
2. Provide a defense at our expense by counsel of our choice, even if the suit is groundless, false or fraudulent. We may investigate and settle any claim or suit that we decide is appropriate. Our duty to settle or defend ends when the amount we pay for damages resulting from the "occurrence" equals our limit of liability.

(Emphasis added).

The policy requires "bodily injury" or "property damage" caused by an "occurrence."

**There is No Claim for "Property Damage".**

As provided in EMCC's original Brief in Support of its Motion for Summary

3

Judgment at pages 7-8, there is no claim for "property damage"[3]. The misrepresentation and suppression claims do not change this analysis. These claims are for alleged representations regarding closing dates for said property and the alleged suppression that Wadsworth had no intention to sell the property and go through with the closing on certain dates. There is <u>no</u> claim for physical injury to tangible property or loss of use of tangible property not physically injured. This claim is for the alleged failure to follow through on an agreement to sell the residence, the representations regarding the closing date and Wadsworth's alleged failure to disclose that she would not go forward with the closing. There is no claim for "property damage" as it is defined in the policy.

Additionally, the misrepresentation and suppression claims cannot cause Peil (underlying plaintiff) any "property damage." See <u>USF&G v. Warwick Development Co.</u>, 446 So. 2d 1021, 1024 (Ala. 1984)(if a misrepresentation were an "occurrence" then any misrepresentation in this case would not be an "occurrence" which **caused**

---

[3]The Policy defines "property damage" as :
a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

property damage); See Also State Farm Fire and Cas. Co. v. Gwin, 658 So. 2d 426, 428 (Ala. 1995)(alleged misrepresentations did not **cause** any physical injury to or destruction of tangible property.).

**There is No Claim for "Bodily Injury" Caused by an "Occurrence".**

While these causes of action may assert a claim for mental anguish which may constitute "bodily injury" under Alabama law, the alleged "bodily injury" was not caused by an "occurrence"[4] as required by the policy.

**Misrepresentation**

The misrepresentation claim is based upon an allegation that Wadsworth "repeatedly made representations that the closing on the property would take place at certain dates and times." Amended Complaint at para 2. This claim is for the representation of allegedly false statements. There is no dispute that statements were made. (Wadsworth response p. 2-3 "The sale was not consummated due to what appears to be oral disagreements concerning a closing date.") Making these representations is no accident. The act of speaking is/was deliberate. Whether the representation was false or not does not impact that the actual representation was

---

[4]The policy defines "occurrence" to mean "an accident, including continuous or repeated exposure to substantially the same general harmful conditions, which results, during the policy period, in: a. "Bodily injury"; or b. "Property damage."

5

made. There is no claim for "bodily injury" <u>caused by</u> an "occurrence". The alleged representation causing the alleged "bodily injury" was not an accident.

The representations giving rise to this claim are deliberate statements which were the result of a series of conscious choices and purposeful and deliberate statements which lead to a deliberate action of allegedly refusing to complete the real estate transaction. <u>See</u> <u>e.g.</u> <u>Hartford Cas. Ins. Co. v. Merchant's & Farmer's Bank</u>, 2005 Ala. Lexis 138 (September 2, 2005)(involving series of financial transactions leading to bank's seizure of inventory and money).

On September 2, 2005, The Alabama Supreme Court addressed a similar issue and held that when an insured decides upon a deliberate course of conduct and throughout the time frame in question intentionally pursues that course of conduct, the series of purposeful and deliberate acts do not and cannot be described as an accident. <u>Hartford Cas. Ins. Co. v. Merchant's & Farmer's Bank</u>, 2005 Ala. Lexis 138 (September 2, 2005).

In <u>Hartford</u>, Merchant's & Farmer's Bank ("bank") was the insured that filed a declaratory judgment action against its insurer, Hartford, regarding Hartford's decision to not defend the bank in an action filed by one of its customers, a retail seller of furniture. <u>Hartford</u> involved a series of financial transactions between the bank and its customer. The customer eventually became indebted to the bank. The

6

bank, in exchange, obtained a perfected security interest in the customer's inventory and equipment and in all proceeds derived from the sales of its inventory. The customer later defaulted on its debt to the bank. Shortly after the default, the bank learned that the customer had entered into an agreement with a third party (another furniture retailer) pursuant to which the third party had placed its inventory in the customer's store as part of a liquidation sale. The bank also learned that the third party was in the process of removing all of its inventory from the customer's store.

The bank discovered that the third party had not filed a financing statement relating to the inventory it had placed in the customer's store and it had not secured its interest in the inventory. The bank's attorney concluded that any furniture belonging to the third party placed in the customer's store for sale was under consignment. This attorney then instructed the bank that it had a security interest superior to the third party in merchandise placed in the customer's store by the third party and in any proceeds from the sale of that merchandise. The bank notified the third party of its position. The third party then sued the bank and its customer for (1) conversion; (2) detinue; and (3) negligence, willfulness and wantonness.

The bank turned to Hartford for a defense and indemnification. Hartford concluded that the allegations of the complaint did not meet the policy definition of "occurrence", "property damage" or "bodily injury" and it denied the claim. The

bank then filed a declaratory judgment action.

In reversing the trial court's decision in favor of the bank (insured), the Alabama Supreme Court held:

> These facts, admitted by all parties, establish that [the bank] decided upon a **deliberate course of conduct** and, throughout the time frame in questions, **intentionally pursued that course of conduct**. [The bank] understood that in pursuing that course of conduct it would be asserting a contested claim to certain property and moneys. **By any reasonable standard, these facts show a series of purposeful and deliberate acts that do not and cannot be described as an accident. [The bank] does not, and cannot, on these facts, show an unexpected, unintended, or unforseen result from its course of action. [The bank] "may have made a mistake of fact and/or an error in judgment, but it at all times acted in a deliberate and purposeful manner."** Mindis Metals, Inc. v. Transportation Ins. Co., 209 F.3d 1296, 1301 (11th Cir. 2000). **In view of these undisputed facts, we find no accident and hence no occurrence that would trigger Hartford's duty to defend.**

Hartford Cas. Ins. Co. v. Merchant's & Farmer's Bank, 2005 Ala. Lexis 138 (September 2, 2005)(emphasis added).

Hartford is dispositive of this matter. Here, Wadsworth allegedly represented to Peil that she would close on the property on a certain date and time. It is alleged that her representations were false and she knew them to be false. These statements are the basis for the misrepresentation claim. These statements were not made by accident. The act of speaking was deliberate.

Based upon the allegations in the underlying action, Wadsworth decided upon

8

a deliberate course of conduct and, throughout the time frame in question and intentionally pursued that course of conduct. These alleged facts show a series of purposeful and deliberate acts that do not and cannot be described as an accident.

As in Hartford, the cause of action plead does not trigger a duty to defend. **"Where facts are alleged in the complaint to support a cause of action, it is the facts, not the legal phraseology, that determine whether an insurer has a duty to defend its insured in the action."** Hartford Cas. Ins. Co. v. Merchant's & Farmer's Bank, 2005 Ala. Lexis 138 (September 2, 2005) *quoting* Acceptance Ins. Co. v. Brown, 832 So. 2d 1, 14 (Ala. 2001). Moreover, **"when the complaint supplies descriptive facts and those facts are irreconcilable with a legal theory, such as 'negligence' [i.e misrepresentation and suppression] asserted in the complaint, the facts, not the mere assertion of the legal theory, determine an insurer's duty to defend."** Hartford Cas. Ins. Co. v. Merchant's & Farmer's Bank, 2005 Ala. Lexis 138 (September 2, 2005).

EMCC owes no duties to Wadsworth under this policy as there was no "bodily injury" caused by an "occurrence". EMCC also refers the Court to its original Brief in Support of its Motion for Summary Judgment at pages 8-12 for additional arguments and authority that there has been no "accident" alleged in the underlying action.

**Suppression**

The Amended Complaint asserts a suppression claim because Wadsworth allegedly "suppressed the fact that she had no intention to sell the property and going through with the closing on the various dates." Amended Complaint at para 2.

Any alleged "bodily injury" Peil may assert arising out of the alleged suppression claim was not caused by an accident. Wadsworth's alleged suppression was also the result of a conscious and deliberate choice to not inform Peil of her intention to keep the property.

There is no claim for "bodily injury" caused by an "occurrence". The alleged suppression of a fact in this matter is a deliberate choice to not inform Peil that Wadsworth had no intention of selling the property. There is no claim of an accidental suppression. Suppression can not be an accidental occurrence under Alabama law. Twin City Fire Ins. Co. v. Colonial Life & Acc. Ins. Co., 124 F. Supp. 2d 1243 (M.D. Ala. 2000)("neither tortious interference nor suppression can be accidental occurrences under Alabama law. See Shutter Shop, Inc. v. Amersham Corp., 114 F. Supp. 2d 1218, 1226 (M.D. Ala. 2000) (suppression); Diefenderfer v. Ford Motor Co., 916 F. Supp. 1155, 1160 (M.D. Ala. 1995)(tortious interference)"). Accordingly, EMCC owes no duties to Wadsworth for this claim.

**Policy Exclusion's Exception Does Not Apply.**

Since there is no "bodily injury" and/or "property damage" caused by an "occurrence", the exclusion portion of the policy does not apply. The policy language to which Wadsworth refers reads as follows:

Section II - Exclusion

2. Coverage E - Personal Liabilty, does not apply to:

a.   Liability :  ...

    (2)   Under any contract or agreement. However, this exclusion does not apply to written contracts:
        (a)   That directly relate to the ownership, maintenance or use of an "insured location" . . .

First, this policy language does not apply in this matter as it is within the exclusion portion of the policy which requires that there first be a determination that there is "bodily injury" or "property damage" caused by an "occurrence". As analyzed *supra,* there is no "occurrence" therefore this analysis involving an exclusion is not even reached.

Secondly, while this issue is not reached, this exception to the exclusion does not apply in this case as the exception requires liability under a written contract and the only possibility of a claim for "bodily injury" is under the misrepresentation and suppression claims. There is no claim for misrepresentation or suppression based

11

upon a written contract.[5] Furthermore, the tort claims do not relate to a written contract related the ownership, maintenance or use of an "insured location". The tort claims relate to Wadsworth's alleged statements and her decision to not go forward with the real estate transaction.

**The Issue of Indemnification is Appropriate at this Time.**

The Court can declare that EMCC owes no duty to defend Wadsworth. Should a determination be found that there is no duty to defend, then there can be no duty to indemnify. Accordingly, this issue is ripe for declaratory relief on summary judgment.

## II. CONCLUSION

For the reasons stated above, EMCC is entitled to full and final summary judgment on the insurance coverage issues in this case. EMCC requests that the Court enter an order finding that:

    A.   EMCC does not have a duty to defend and/or indemnify Ollie Wadsworth for the claims asserted against her in the underlying action,

---

[5] Only the breach of contract claim is based upon a written contract and there is no and can be no claim for "bodily injury" or "property damage" caused by an "occurrence" for the contract claim. Therefore one does not reach the analysis regarding the exclusion portion of the policy for the contract claim.

and that EMCC is not required to satisfy any judgment and/or settlement entered against Ollie Wadsworth in the underlying action;

B. EMCC may immediately withdraw its defense of Ollie Wadsworth in the underlying action; and

C. Said judgment is final, there being no just reason for delaying the entry of final judgment.

Respectfully submitted,

/s/James A. Kee, Jr. ASB-4314-e68j
/s/Cynthia A. Martin ASB-2044-i49c
Attorneys for Employers Mutual Casualty Company

OF COUNSEL
KEE & SELBY
1900 International Park Suite 220
Birmingham, Alabama 35243
(205) 968-9900

## **CERTIFICATE OF SERVICE**

      I hereby certify that on February 6, 2006 I electronically filed the foregoing as an Exhibit to EMCC's Motion for Leave to File Reply Brief and notification of such filing was sent to:

Donald R. Jones, Jr., Esq.
2000 Interstate Park Drive, Suite 104
Montgomery, AL 36109

Brian P. Strength
Cochran, Cherry, Givens & Smith, P.C.
P.O. Box 830419
Tuskegee, Alabama 36083-0419

                                              /s/Cynthia A. Martin ASB-2044-i49c